**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-1954

NICOLE RENA MCCREA,

            Plaintiff - Appellant,

      v.

JOHNS HOPKINS UNIVERSITIES, Office of Institutional Equity
Vice Provost of Institutional Equity; JOHNS HOPKINS
UNIVERSITIES, Office of the Vice President and General
Counsel; DEXTER SMITH; EILEEN HAASE,

            Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.    James K. Bredar, District Judge.
(1:15-cv-00579-JKB)

Submitted:  November 22, 2016        Decided:  November 29, 2016

Before DIAZ and THACKER, Circuit Judges, and DAVIS, Senior
Circuit Judge.

Dismissed by unpublished per curiam opinion.

Nicole Rena McCrea, Appellant Pro Se.   Elena D. Marcuss, Adam
Thomas Simons, MCGUIREWOODS, LLP, Baltimore, Maryland, for
Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nicole Rena McCrea seeks to appeal three of the magistrate judge's discovery orders and the district court's order denying her motion to certify an interlocutory appeal and for a stay pending appeal in her civil rights action. After McCrea filed her notice of appeal, the district court granted summary judgment for all Defendants and closed the case.

This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545-46 (1949). When a notice of appeal is premature, the entry of final judgment can cure the resulting jurisdictional defect under the doctrine of cumulative finality, but only if the appealed order could have been certified for intermediate appeal under Fed. R. Civ. P. 54(b). In re Bryson, 406 F.3d 284, 287-89 (4th Cir. 2005); Equip. Fin. Grp. v. Traverse Computer Brokers, 973 F.2d 345, 347 (4th Cir. 1992).

The orders McCrea seeks to appeal are neither final orders nor appealable interlocutory or collateral orders. Further, because the district court could not have certified these orders for immediate appeal under Rule 54(b), the cumulative finality doctrine cannot apply. Accordingly, we deny leave to proceed in forma pauperis and dismiss the appeal for lack of jurisdiction.

We deny McCrea's motion for transcript at government expense and Defendants' motion to place the case in abeyance. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED